# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ENMANUEL DAVID QUINTERO QUINTERO,**<br><br>***Petitioner*****,**<br><br>**v.**<br><br>**WARDEN/FACILITY ADMINISTRATOR, ERO EL PASO CAMP EAST MONTANA; FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS, EL PASO FIELD OFFICE; FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS, DALLAS FIELD OFFICE; DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>***Respondents*****.** | § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-02504-LS** |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Quintero brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner has received a bond hearing under 8 U.S.C. § 1226(a), the Court will deny the petition.

---

[1] ECF No. 1.

8 U.S.C. § 1226(a) allows, but does not require, the Attorney General to release an alien on bond.[2] After an initial custody determination is made, an alien may appeal the custody determination to an immigration judge, who is authorized "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."[3] A determination made by an immigration judge may be further appealed to the Board of Immigration Appeals.[4]

In this case, Petitioner alleges that he has been order removed[5] and the docket reflects that Petitioner's appeal remains pending before the Board of Immigration Appeals.[6] Accordingly, Petitioner has no final removal order and remains in removal proceedings. Importantly, Petitioner also alleges that an immigration judge already held a bond hearing and denied bond.[7] Under 8 U.S.C. § 1226(e), this Court does not have the authority to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." Additionally, the Court cannot review "any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General."[8] Therefore, the Court does not have the authority to review or set aside the decision to deny bond to Petitioner.

Because Petitioner is not entitled to release, the petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

---

[2] 8 U.S.C. § 1226(a)(2)(A).
[3] 8 C.F.R. § 1236.1(d)(1).
[4] *Id.* § 1003.19(f).
[5] ECF No. 1 at 12, ¶ 23.
[6] https://acis.eoir.justice.gov/en/caseInformation (last viewed October 13, 2026).
[7] ECF No. 1 at 12, ¶ 25.
[8] 8 U.S.C. § 1252(a)(2)(B)(ii).

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 13, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**